## Cunningham v. Cunningham.

*Divorce—Jurisdiction—Residence of libellant.*

In a divorce case, it is the residence of the libellant at the time the libel is filed that determines the forum of the action.

In Divorce. C. P. Fayette Co., March T., 1920, No. 421.

*John Duggan, Jr.,* for libellant.

VAN SWEARINGEN, P. J., April 16, 1921.—We are of opinion that a decree of divorce in this case must be refused because this court is without jurisdiction to grant it. The libellant is the wife, who alleges that her husband deserted her while the parties were living together at Masontown, in this county, and it is shown by the testimony taken before the master that, following the alleged desertion, the libellant left Masontown and went back to the home of her parents at Greensboro, which is in Greene County, where she resided for a little more than two years before filing her libel in this county.

By section 2 of the Act of March 13, 1815, 6 Sm. Laws, 286, it is provided that a libel for divorce must be presented to the judges of the Court of Common Pleas of the county wherein the libellant resides. In her testimony before the master the libellant said: "I am living in Uniontown at present." Uniontown is the county seat of this county. But in her libel she alleged the place of her residence to be Greensboro, in Greene County; and her mother, when on the witness-stand at the hearing before the master, when asked where the libellant and her husband were living then, replied: "They are not living together; she is at Greensboro with me, and I believe he is at Masontown." And when asked where her daughter had resided and made her home since her husband deserted her, she answered: "Greensboro, Greene County, Pa.," saying further, "she is working in a confectionery and post-office at Greensboro at present."

It is not to be doubted, under the evidence, that the residence of the libellant still was at Greensboro at the time of the hearing before the master; but that is of no special importance. Her own allegation in her libel is that she was a resident of Greensboro, Greene County, at the time her libel was filed in this county. Therefore, the filing of her libel here gave us no jurisdiction of the case. The libel should have been filed in Greene County. It is the residence of the libellant at the time the libel is filed that determines the forum of the action. The Act of April 26, 1905, P. L. 309, does not reach this case: Eicher v. Eicher, 25 Dist. R. 972.

And now, April 16, 1921, for the reasons stated in the opinion herewith filed, a decree of divorce is refused and the libel is dismissed.

From Luke H. Frasher, Uniontown, Pa.